CARTER *v.* MOULTON.

The proviso of *c.* 54, *s.* 1, Laws of 1873, that no cemetery shall be laid out within twenty rods of any dwelling-house, store, or other place of business, without the consent of the owner of the same, is a limitation of the authority conferred by that section upon certain officers to exercise the public right of eminent domain, and not a regulation of the private rights of land-owners.

BILL IN EQUITY, for an injunction to prevent the use of land for a cemetery within twenty rods of the plaintiff's dwelling-house.

*Towle,* for the plaintiff.

*Stickney,* for the defendant.

Doe, C. J.   The plaintiff relies upon *s*. 1 of *c*. 54, Laws of 1873, which authorizes the mayor and aldermen, or selectmen, to lay out land for establishing or enlarging a cemetery, park, or common, as they lay out highways, with this limitation : " Provided, however, that no cemetery shall be laid out within twenty rods of any dwelling-house, store, or other place of business, without the consent of the owner or owners of the same."   This is a limitation, not of the private right of voluntary purchase and sale of land, or the private right of using land *( W. Cemetery* v. *Everett*, 118 Mass. 354), but of the authority, conferred by the statute upon mayor and aldermen or selectmen, to exercise the public right of compulsory purchase of private property for public use.   It is not a general police regulation, but a special restriction of the extent to which those officers are authorized to wield the power of eminent domain.   In this case that power has not been exerted, and nobody intends to resort to it.   The proviso of the statute does not apply to the defendant's exercise of his private rights of property.

*Bill dismissed.*