## STEVENS *v.* MANCHESTER & a.

Under Gen. Laws, *c.* 49, *s.* 2, a public cemetery cannot be laid out within twenty rods of a dwelling-house without consent of the owner, although the land to be so used had been procured by voluntary purchase.

BILL IN EQUITY, for an injunction to restrain the city of Manchester, and the other defendants, who are trustees of the Amoskeag cemetery under a city ordinance, from using land for the burial of the dead, within twenty rods from the plaintiff's dwelling-house. The bill showed that the land in question was bought of one Hanscom by the city in 1883, and run out into burial lots, and that it

comes within four rods of the plaintiff's dwelling-house. The defendants demurred to the bill.

*C. R. Morrison* and *Wm. Little*, for the plaintiff.

*George W. Prescott, city solicitor,* and *A. C. Osgood,* for the defendants.

ALLEN, J.     The statute authorizing cities and towns to take land, when it cannot be obtained by purchase at a reasonable price, for the establishment and enlargement of public cemeteries, provides that no cemetery shall be laid out within twenty rods of any dwelling-house without consent of the owner. G. L., c. 49, s. 2. The cemetery may be established by the purchase of land for that purpose, as well as by taking it by the exercise of the right of eminent domain. The mischief sought to be restrained by the limitation in the statute to a distance of twenty rods from a dwelling-house affects all public cemeteries alike, whether established by voluntary or compulsory purchase of the land. It is the public right of purchasing or taking land for a public purpose that is restrained by the limitation in the statute, and not the exercise of the private right of purchasing land for a private cemetery, or any other private purpose.     *Carter* v. *Moulton,* 58 N. H. 64.

*Demurrer overruled.*

BINGHAM, J., did not sit: the others concurred.